SCHULTZ, Respondent, vs. CALEDONIAN INSURANCE COMPANY OF EDINBURGH, SCOTLAND, Appellant.

*September 5 — September 22, 1896.*

*Insurance against fire: Waiver of conditions: Intention: Title to land: "Fee simple."*

1. Where an insurance agent, having power to take risks and issue policies, executes and delivers a policy with full knowledge of facts which by its terms would avoid it, such provisions of the policy are thereby waived, whether a waiver is intended or not.

[2. Whether the title of the purchaser under a land contract upon which a part only of the purchase price has been paid is a "fee simple," within the meaning of a provision of an insurance policy avoiding it if the title of the assured is less than a fee simple, not determined.]

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action upon a fire insurance policy, issued by the defendant upon the plaintiff's dwelling house and household goods, for $500. The plaintiff's title to the land upon which the house stood was a land contract, on which a part only of the purchase price had been paid. The policy contains a provision that it shall be void if the plaintiff's title to the ground is less than a fee simple, unless otherwise provided by agreement indorsed on or annexed to the policy. No such agreement was indorsed or annexed. It was urged in defense that the policy was void because of the plaintiff's lack of title. It was urged by the plaintiff that the defendant was estopped to make this defense, because it had taken his money and issued its policy with knowledge of the true condition of his title. Defendant denied knowledge of the condition of the title. This was the only question seriously controverted in the case, and the only question submitted to the jury. The jury found that the defendant's agent, who issued the policy, was informed of the true condition of the title before the policy was issued. On the verdict and

undisputed evidence the court gave judgment for the plaintiff for the amount of the policy.

*H. W. Chynoweth*, for the appellant.

*F. W. Houghton*, for the respondent.

NEWMAN, J. It is not necessary to decide, in this case, whether the plaintiff's title to the ground on which his dwelling house stood was such as to satisfy the stipulation of the policy in that regard. The case seems to have been tried on the assumption that it was not. Perhaps the question is debatable. Some very respectable authorities hold such a title to be a fee simple within the meaning of such a stipulation in a policy of insurance. *Loventhal v. Home Ins. Co.* (Ala.), 20 So. Rep. 419, and cases there cited.

It is abundantly settled, and the rule is, that if the insurer, with full knowledge of facts which would avoid the policy, nevertheless execute and deliver a policy, he is held to have waived the defect, and is estopped to assert it. 11 Am. & Eng. Ency. of Law, 336, and cases cited in note 9; *Miner v. Phœnix Ins. Co.* 27 Wis. 693; *Mechler v. Phœnix Ins. Co.* 38 Wis. 665; *Smith v. Commonwealth Ins. Co.* 49 Wis. 322; *Alexander v. Continental Ins. Co.* 67 Wis. 422; *Renier v. Dwelling House Ins. Co.* 74 Wis. 89. The agent who has power to take risks and issue policies may bind the company by such waiver. *Miner v. Phœnix Ins. Co., supra; Renier v. Dwelling House Ins. Co., supra.* It is waived by the omission to make the proper indorsement on the policy when that is required. *Smith v. Commonwealth Ins. Co., supra; Renier v. Dwelling House Ins. Co., supra.*

All this is unquestioned; but it is urged that such waiver is not conclusive, unless it is conceded or found that, by the act which constitutes the waiver, it was intended to waive the defect. This question, it is said, is of fact for the jury, and not of law for the court. Some of the cases, in saying that certain acts constitute a waiver, do add the words, "if

so intended." But no case is cited which holds that the intention must be found specifically. The act itself constitutes the waiver. The defendant will not be heard to say: "I took the plaintiff's money; I gave him a policy; but I did not intend to give him insurance." The act itself, being unequivocal, and with knowledge of the facts, constitutes, alone, the waiver. The intention is entirely immaterial, or is inferred conclusively from the act. *Rasmusen v. N. Y. L. Ins. Co.* 91 Wis. 81. There was nothing for the jury.

*By the Court.*— The judgment of the circuit court is affirmed.