Christen Michaela SHANNON, a minor, by her Guardian ad Litem, Plaintiff-Co-Appellant,

v.

James P. SHANNON and Edith Ann Rachel Shannon, Defendants-Appellants,

UNITED SERVICES AUTOMOBILE ASSOCIATION, Commercial Union Insurance Companies, Steven Schultz and Donna Schultz, Defendants-Respondents-Petitioners.

Supreme Court

*No. 87-1478. Argued June 1, 1989.—Decided June 26, 1989.*

(Also reported in 442 N.W.2d 25.)

For the petitioner, United Services Automobile Association, there were briefs by *Terry E. Johnson, Janet E. Cain* and *Peterson, Johnson & Murray, S.C.,* Milwaukee, and oral argument by *Mr. Terry E. Johnson.*

For petitioners, Commercial Union Insurance Company, Steven Schultz and Donna Schultz, there were briefs by *Ronald L. Piette, Michael T. Steber* and *Piette,*

*Nelson, Zimmerman & Dries, S.C.,* Milwaukee, and oral argument by *Ronald L. Piette.*

For the plaintiff-co-appellant there was a brief by *Lynn Carey* and *Peck and Carey, S.C.,* Oconomowoc, and oral argument by *Lynn Carey.*

For the defendants-appellants there was a brief by *Eric J. Van Vugt* and *Minahan & Peterson, S.C.,* Milwaukee, and *Daniel C. Sullivan* and *Sullivan & Associates, Ltd.,* Chicago, Illinois, and oral argument by Daniel C. Sullivan who was introduced to the court by *Ross Townsend* of *Minahan & Peterson, S.C.*

LOUIS J. CECI, J. This case is before the court on petitions for review of a decision of the court of appeals, *Shannon v. Shannon,* 145 Wis. 2d 763, 429 N.W.2d 525 (Ct. App. 1988), which reversed a judgment of the circuit court for Milwaukee county, Joseph P. Callan, circuit judge, granting summary judgment to the petitioners, Steven and Donna Schultz (Schultzes) and their insurers, Commercial Union Insurance Companies (Commercial) and United States Automobile Association (USAA), and dismissing the claim against USAA as insurer of James and Edith Shannon (Shannons). Three issues are presented for review. The first issue is whether the circuit court erred in granting summary judgment to the Schultzes and their insurers. The second issue is whether the Schultzes are immune from liability to Christen Shannon under sec. 895.52(2), Stats. 1983–84.[1]

---

[1] All statutory references in this decision will be to the 1983–84 statutes. Section 895.52(2), Stats. 1983–84, provided as follows:

**895.52 Recreational activities; limitation of property owners' liability.** . . .

(2) No duty; immunity from liability. (a) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an

The third issue is whether an insurer can waive a family member exclusion clause in its insurance policy. We conclude that the circuit court improperly granted summary judgment to the Schultzes and their insurers. In addition, we find that the Schultzes are not immune from liability to Christen Shannon under sec. 895.52(2). Finally, we hold that, as a matter of law, an insurer cannot waive a family member exclusion clause in its insurance policy.

The facts of this case are as follows. Christen Shannon, age three at the time of the accident, was seriously injured on July 1, 1984, when she nearly drowned in a lake abutting her parents' home near Elkhorn, Wisconsin. Christen sustained extensive brain damage and is permanently and extensively disabled. At the time of the accident, Christen's parents, James and Edith Shannon, were sitting in their boat which was docked at their pier. Christen had been playing in the Shannons' yard and had then wandered over to the adjoining property owned by the Schultzes. The Schultzes were entertaining guests on their outdoor patio located on the lakeshore and when Christen went over to the Schultzes' property, Mr. Shannon called her home. Mrs. Schultz responded, "It's okay, she's not hurting anything, she'll be all right." After approximately five minutes, Mr. Shannon noticed

owner owes to any person who enters the owner's property to engage in a recreational activity:

1. A duty to keep the property safe for recreational activities.

2. A duty to inspect the property, except as provided under s. 23.115(2).

3. A duty to give warning of an unsafe condition, use or activity on the property.

(b) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner is liable for any injury to, or any injury caused by, a person engaging in a recreational activity on the owner's property . . ..

he could not see Christen, and a search ensued. Approximately fifteen minutes later, Christen was found floating in the water near the Schultzes' pier.

On July 15, 1985, Christen, by her guardian ad litem, commenced a lawsuit against the Shannons; their homeowners insurance carrier, USAA; and their personal umbrella liability insurance carrier, also USAA. On March 26, 1986, USAA filed a motion for summary judgment on the ground that the policies contained a family member exclusion clause, excluding coverage for the Shannons' liability arising from their negligence in causing Christen's injuries. The circuit court denied that motion on July 14, 1986, finding that a question of fact existed as to whether USAA had waived its right to rely upon the exclusion.

USAA then moved to bifurcate the trial of the insurance coverage issues from the trial on the merits of the complaint. The circuit court granted the motion. On February 2, 1987, the jury returned its verdict that USAA had not waived its right to assert the family member exclusion in its policies. The Shannons' and Christen's motions after verdict were denied, and judgment was entered dismissing the claims against USAA as the insurer of the Shannons.

On March 26, 1986, Christen also filed a complaint against the Schultzes; their homeowner's insurance carrier, Commercial; and their personal liability umbrella insurance carrier, which was also USAA. The complaint was amended on October 3, 1986. On October 28, 1986, the Schultzes and Commercial answered the amended complaint and cross-claimed against the Shannons for contribution. On October 29, 1986, the Shannons answered the amended complaint and cross-claimed against the Schultzes for contribution. On December 29, 1986, the Schultzes and Commercial made a motion for

summary judgment. On April 29, 1987, the circuit court granted the motion for summary judgment, holding that the undisputed facts failed to establish any duty on the part of the Schultzes to Christen.

Christen appealed to the court of appeals from the judgment dismissing her action against the Schultzes and their insurers. The Shannons appealed the judgment dismissing their cross-complaint against the Schultzes and their insurers. Both Christen and the Shannons appealed the judgment which dismissed the claim against USAA as insurers of the Shannons.

The court of appeals addressed three principal issues in its decision. The first issue addressed by the court of appeals was whether the circuit court erred in granting summary judgment to the Schultzes and their insurers. The court of appeals found that the circuit court erred and reversed the circuit court decision granting summary judgment to the Schultzes and their insurers, holding that material issues of fact bearing on the Schultzes' negligence were present. The court of appeals held, citing *Antoniewicz v. Reszczynski,* 70 Wis. 2d 836, 236 N.W.2d 1 (1975), that the duty to exercise ordinary care toward nontrespassers is the same as the duty of care in the usual negligence case and that this duty is not limited to conditions and defects on the premises. The court of appeals noted that a material issue of fact existed as to whether the Schultzes exercised ordinary care under the circumstances. As a result, the court of appeals concluded that the existence of the issue of fact relating to the negligence of the Schultzes made the grant of summary judgment improvident.

The second issue addressed by the court of appeals was whether the Schultzes were immune from liability under sec. 895.52(2), Stats. The court of appeals held that sec. 895.52(2) does not apply to cases of land-occu-

pier negligence when a party enters onto the land for nonrecreational purposes and that Christen was visiting the Schultzes and was not on their property for a "recreational activity." Therefore, the court of appeals concluded that sec. 895.52(2) did not immunize the Schultzes from their negligence, if any, toward Christen.

The final issue addressed by the court of appeals was whether the circuit court erred in holding that the issue of whether USAA had waived its family member exclusion clause was a question of fact for the jury. The court of appeals found in regard to this issue that the facts concerning USAA's alleged waiver of the family member exclusion provision in its policies were undisputed and that, therefore, under *Rural Mutual Ins. Co. v. Peterson,* 134 Wis. 2d 165, 180, 395 N.W.2d 776 (1986), the circuit court erred in submitting the waiver issue to the jury. The court of appeals held, given its conclusion that the facts concerning the waiver issue were undisputed, that a question of law was presented and that under the facts of the case, USAA had waived its right to assert the family member exclusion as a matter of law.

### WHETHER THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE SCHULTZES AND THEIR INSURERS

This court reviews a circuit court's grant of summary judgment by applying the standards set forth in sec. 802.08(2), Stats., in the same manner as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Under sec. 802.08(2), summary judgment must be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." For a court to hold that no jury question is presented and that an actor is not negligent as a matter of law, the court must be able to say that no properly instructed, reasonable jury could find, based on the facts presented, that the defendants failed to exercise ordinary care. *LePoidevin v. Wilson,* 111 Wis. 2d 116, 124, 330 N.W.2d 555 (1983), quoting *Ceplina v. South Milwaukee School Board,* 73 Wis. 2d 338, 342, 243 N.W.2d 183 (1976).

Christen Shannon's amended complaint alleges that immediately prior to her near drowning, Christen was present on the Schultzes' property with the knowledge and consent of the Schultzes. The amended complaint also alleges that the Schultzes owed to Christen the duty to exercise ordinary care under the existing circumstances so as to avoid exposing Christen to an unreasonable risk of harm and that the Schultzes breached the duty owed to Christen and were negligent in failing to protect Christen from the danger of near drowning in the lake. The Schultzes' answer to Christen's amended complaint denies that the Schultzes owed a duty to Christen, denies any negligence on the part of the Schultzes, and denies that any acts or conduct by the Schultzes was a cause of or resulted in the alleged injuries sustained by Christen.

The circuit court held, and the Schultzes argue, citing *Antoniewicz,* 70 Wis. 2d at 839, that the duty of ordinary care of an owner or possessor of land relates to the premises owned or possessed and conditions or defects which may be on such premises. Therefore, the circuit court concluded that without a showing that Christen's injury was related to a defect or condition on the Schultzes' property, the Schultzes and their insurers were entitled to summary judgment.

We disagree. Contrary to the circuit court's conclusion, the duty of the owner or possessor of land toward persons who come upon property with the consent of the owner or possessor does not relate solely to defects or conditions which may be on such premises. Rather, the duty of an owner or possessor of land toward all persons who come upon property with the consent of the owner or occupier is that of ordinary care. *Christians v. Homestake Enterprises, Ltd.,* 101 Wis. 2d 25, 41, 303 N.W.2d 608 (1981); *Antoniewicz,* 70 Wis. 2d at 857. The duty of ordinary care exists when it is foreseeable that an act or omission to act may cause harm to someone. *Schuster v. Altenberg,* 144 Wis. 2d 223, 237–38, 424 N.W.2d 159 (1988); *A.E. Investment Corp. v. Link Builders, Inc.,* 62 Wis. 2d 479, 483, 214 N.W.2d 764 (1974). The duty to exercise ordinary care in this case is the same as the duty of care in the usual negligence case.

> The duty toward all persons who come upon property with the consent of the occupier will be that of ordinary care. By such standard of ordinary care, we mean the standard that is used in other negligence cases in Wisconsin . . .. Under that test, as we have repeatedly stated, negligence is to be determined by ascertaining whether the defendant's exercise of care foreseeably created an unreasonable risk to others.

*Antoniewicz,* 70 Wis. 2d at 857 (citations omitted).[2] A person fails to exercise ordinary care when, without

---

[2] We note that in *Christians,* 101 Wis. 2d at 34, this court held that the court of appeals erred in equating the duty of a possessor of land to nontrespassers with the duty applicable in the usual negligence case. The injury at issue in *Christians,* however, occurred prior to the applicability of the *Antoniewicz* decision abolishing the common law distinctions between licensees

intending to do any wrong, he does an act or omits a precaution under circumstances in which a person of ordinary intelligence and prudence ought reasonably to foresee that such act or omission will subject him or his property, or the person or property of another, to an unreasonable risk of injury or damage. *Peters v. Holiday Inns, Inc.*, 89 Wis. 2d 115, 122-23, 278 N.W.2d 208 (1979).

We find, based on the pleadings, depositions, and affidavits filed in this case, that a genuine issue of material fact exists: whether the Schultzes exercised ordinary care under the circumstances. We conclude that a properly instructed, reasonable jury could find, based on the facts presented, that the Schultzes failed to exercise ordinary care. Consequently, we hold that the circuit court erred in granting summary judgment to the Schultzes and their insurers.

The Schultzes maintain, however, that the presence of the Shannons at the lakeshore relieved them of any duty that they may have owed Christen. The Schultzes contend that the primary duty to supervise Christen lay with the Shannons and as long as the Shannons were in the presence of Christen and had an opportunity to exercise supervision, the duty to supervise Christen remained theirs and theirs alone. We disagree. The fact that the Shannons may have owed a duty to Christen does not absolve the Schultzes of their duty to Christen. Under Wisconsin's law on joint and several liability, the

---

and invitees. As a result, this court's holding in *Christians* on the issue of whether the duty of a possessor or owner of land to nontrespassers is the same as the duty applicable in the usual negligence case is not controlling authority on this issue in a case involving an accident which occurred after the *Antoniewicz* decision.

Shannons' negligence, if any, is relevant to the jury's assessment of negligence. It does not, however, absolve the Schultzes of their responsibility, if any. *See Wisconsin Natural Gas Co. v. Ford, Bacon & Davis Construction Corp.,* 96 Wis. 2d 314, 330–34, 291 N.W.2d 825 (1980); *Fitzgerald v. Badger State Mutual Casualty Co.,* 67 Wis. 2d 321, 331–32, 227 N.W.2d 444 (1975).

The Schultzes also argue that they did not owe Christen a duty at the time she was injured because Christen had left the Schultzes' property and was injured in Lauderdale Lakes, which is a public body of water owned by the state of Wisconsin. The Schultzes contend that if the ownership of land gives rise to their duty to Christen, then this duty should be limited by the boundaries of the land. The Schultzes' argument is without merit because it ignores the fact that the conduct complained of is the failure of the Schultzes to exercise ordinary care under the existing circumstances so as to avoid exposing Christen to an unreasonable risk of harm. Whether the injury actually occurred on the Schultzes' property is only a factor to be considered in determining whether the Schultzes breached their duty of ordinary care. *See Christians,* 101 Wis. 2d 25.

The Schultzes also maintain that the lake presented an open and obvious danger to Christen, thereby relieving them of liability. We note at the outset that there appears to be a split of authority on the issue of whether the open and obvious danger limitation on landowner or possessor liability still exists in this state. In *Pagelsdorf v. Safeco Ins. Co. of America,* 91 Wis. 2d 734, 745, 284 N.W.2d 55 (1979), a case in which this court addressed the issue of a landlord's duty toward his tenant invitee, we held that a landlord owes his tenant or anyone on the premises with the tenant's consent a duty to exercise ordinary care. We also held that "[i]ssues of notice of [a]

defect, its obviousness, control of the premises . . . are all relevant only insofar as they bear on the ultimate question: Did the landlord exercise ordinary care in the maintenance of the premises under all the circumstances?" *Id.* Notwithstanding this language, the court of appeals has held in a continuing line of cases that our decisions in *Antoniewicz* and *Pagelsdorf* did not abrogate the open and obvious limitation on landowner or possessor liability. *Davenport v. Gillmore,* 146 Wis. 2d 498, 507, 431 N.W.2d 701 (Ct. App. 1988); *Waters v. United States Fidelity & Guaranty Co.,* 124 Wis. 2d 275, 282, 369 N.W.2d 755 (Ct. App. 1985); *Maci v. State Farm Fire & Casualty Co.,* 105 Wis. 2d 710, 716, 314 N.W.2d 914 (Ct. App. 1981). We decline to resolve this apparent conflict today because this issue has not been adequately briefed, and the facts have not been adequately developed to allow us to make a reasoned determination.

Finally, the Schultzes argue, citing *Sanem v. Home Ins. Co.,* 119 Wis. 2d 530, 350 N.W.2d 89 (1984), that public policy prevents the Schultzes from being charged with a duty to Christen. Due to the fact that this case is at the summary judgment stage, we conclude that a sufficient factual basis is not presented for considering, evaluating, and resolving the public policy issues involved. A circuit court or jury finding as to actual negligence, damage, and causal relationship would be material and helpful in evaluating the public policy considerations; therefore, we will not address them here. *Coffey v. Milwaukee,* 74 Wis. 2d 526, 543, 247 N.W.2d 132 (1976).

## WHETHER THE SCHULTZES ARE IMMUNE FROM LIABILITY TO CHRISTEN SHANNON UNDER SEC. 895.52(2), STATS.

The application of a statute to a particular set of facts is a question of law. *Bucyrus-Erie Co. v. ILHR Department,* 90 Wis. 2d 408, 417, 280 N.W.2d 142 (1979). This court decides questions of law independently without deference to the decisions of the circuit court or the court of appeals. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

Section 895.52(2), Stats., provides:

**895.52 Recreational activities; limitation of property owners' liability. . ..**

(2) No duty; immunity from liability. (a) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner owes to any person who enters the owner's property to engage in a recreational activity:

1. A duty to keep the property safe for recreational activities.

2. A duty to inspect the property, except as provided under s. 23.115(2).

3. A duty to give warning of an unsafe condition, use or activity on the property.

(b) Except as provided in subs. (3) to (6), no owner and no officer, employe or agent of an owner is liable for any injury to, or any injury caused by, a person engaging in a recreational activity on the owner's property . . ..

Section 895.52(1)(g), Stats., defines "recreational activity" as:

any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure, including practice or instruction in any such activity. 'Recreational activity' includes, but is not limited to, hunting, fishing, trapping, camping, picnicking, exploring caves, nature study, bicycling, horseback riding, bird-watching, motorcycling, ballooning, hang gliding, hiking,

447

tobogganing, sledding, sleigh riding, snowmobiling, skiing, skating, water sports, sight-seeing, rock-climbing, cutting or removing wood, climbing observation towers, animal training, harvesting the products of nature and any other outdoor sport, game or educational activity, but does not include any organized team sport activity sponsored by the owner of the property on which the activity takes place.

Section 1 of 1983 Wis. Act 418 discusses the intended scope of sec. 895.52, Stats.:

While it is not possible to specify in a statute every activity which might constitute a recreational activity, this act provides examples of the kinds of activities that are meant to be included, and the legislature intends that, where substantially similar circumstances or activities exist, this legislation should be liberally construed in favor of property owners to protect them from liability. The act is intended to overrule any previous Wisconsin supreme court decisions interpreting section 29.68 of the statutes [the predecessor of sec. 895.52] if the decision is more restrictive than or inconsistent with the provisions of this act.

Section 895.52, Stats., only applies to cases of landowner or possessor negligence when a party enters onto the owner's or possessor's land to engage in a "recreational activity." We find that the term "recreational activity" as defined in sec. 895.52(1)(g) does not apply to the activities of Christen Shannon on the day in question because the random wanderings of a three-year-old child are not substantially similar to the activities enumerated in sec. 895.52(1)(g). Therefore, we conclude that sec. 895.52 does not apply in this case.

## WHETHER USAA WAIVED THE FAMILY MEMBER EXCLUSION PROVISIONS IN ITS INSURANCE POLICIES

USAA issued to the Shannons a homeowners policy providing $300,000 liability coverage and a personal umbrella policy with a $1,000,000 limit. The policies contained an exclusion for bodily injury to an "insured" under the homeowners policy and to a "covered person" under the personal umbrella policy.[3] As defined by the

[3] The Shannons' homeowners policy provided:

*Coverage E—Personal Liability,* does not apply to:

. . .

f. *bodily injury* to you or any *insured* within the meaning of part a. or b. of Definition 3. *'insured.'*
DEFINITIONS

. . .

3. *'insured'* means you and the following residents of your household:

a. your relatives

. . .

(Emphasis in original.)

The Shannons' personal umbrella policy provided:

Basic Coverage: We also insure against liability occurrences that are not covered by primary insurance. This applies only if they are not excluded in this policy.

Under Basic Coverage, we do not insure liability arising from:

\* \* \*

—injury to you and any covered person as defined in this policy.

'Covered person' means you and any family member.
'Family member' means the following residents of your household:
—your relatives.
—any other person under the age of 21 if in the care of any person named above.

policies, Christen, a relative and resident in her parents' household, was an "insured" under the homeowners policy and a "covered person" under the personal umbrella policy. Therefore, under the homeowners policy and the personal umbrella policy, claims against other insureds and covered persons for liability for bodily injuries to Christen are excluded from coverage.

The Shannons and Christen argue that USAA voluntarily waived the family member exclusion clauses in its policies by designating an attorney to represent both the Shannons and USAA, by failing to specifically plead the family member exclusion in their answer, and by forwarding to the Shannons a nonspecific letter of reservation of rights which did not single out the family member exclusion defense. The circuit court concluded that an issue of fact was raised by the waiver issue. Therefore, the court submitted the issue to a jury, which determined that USAA did not waive its family member exclusion defense. The court of appeals disagreed. The court of appeals held that the circuit court erred in submitting the issue to a jury because the facts concerning the waiver issue were undisputed. As a result, the court of appeals held that an issue of law was presented, and, as a matter of law, USAA had waived its family member exclusion defense.

The initial question we must resolve is whether a family member exclusion provision can be waived to expand coverage. This question is a question of law which this court decides independently without deference to the decision of the circuit court or the court of appeals. *Ball*, 117 Wis. 2d at 537.

The general rule is well established that the doctrine of waiver or estoppel based upon the conduct or action of

the insurer or its agent is not applicable to matters of coverage as distinguished from grounds for forfeiture.

In *Ahnapee & Western Railway Co. v. Challoner,* 34 Wis. 2d 134, 140-44, 148 N.W.2d 646 (1967), this court held:

> [W]hile estoppel may be used to prevent an insurer from insisting upon conditions which result in forfeiture, estoppel has not been used in this state or in the majority of states as a means whereby the scope of coverage of an insurance policy can be expanded to include coverage which was not provided for or was excluded in the contract . . ..
>
> The rule that estoppel may apply to a forfeiture of benefits contracted for but cannot be successfully invoked to create a liability for benefits or coverage not contracted for was first laid down in this state in *McCoy v. Northwestern Mut. Relief Asso.* (1896), 92 Wis. 577, 66 N.W. 697 . . ..
>
> Estoppel rules have consistently been held by this court not to apply to extend coverage . . .. This court [has] refused to apply waiver or estoppel to enlarge coverage . . .. This court [has] held neither waiver nor estoppel could be used to enlarge the coverage of the policy . . ..
>
> What terms, conditions and provisions in a policy may be considered as forfeiture clauses and what language is considered essentially coverage is not always free from doubt. We think neither the type of insurance policy nor the form of language in the policy necessarily controls the question. The coverage provisions of the policy must, of course, be distinguished from its liability provisions. As a general rule, conditions and terms, either of an inclusionary or exclusionary nature in the policy, go to the scope of the coverage or delineate the risks assumed, as distinguished from conditions and terms which furnish a ground for the forfeiture of coverage or defea-

sance of liability . . .. 'While waiver and estoppel have been held applicable to nearly every area in which an insurer may deny liability, the courts of most jurisdictions agree that these concepts are not available to broaden the coverage of a policy so as to protect the insured against risks not included therein or expressly excluded therefrom. The theory underlying this rule seems to be that the company should not be required by waiver and estoppel to pay a loss for which it charged no premium, and the principle has been announced in scores of cases involving almost every conceivable type of policy or coverage provision thereof.'

. . .

What we have said applies both to waiver and equitable estoppel or estoppel *in pais* in the traditional sense in which those concepts are understood . . ..

(Citations omitted.) *See also Schuster v. Germantown Mutual Ins. Co.,* 40 Wis. 2d 447, 450, 162 N.W.2d 129 (1968); *Rosenthal v. Insurance Co. of North America,* 158 Wis. 550, 557, 149 N.W. 155 (1914); *Bortz v. Merrimac Mutual Ins. Co.,* 92 Wis. 2d 865, 872, 286 N.W.2d 16 (Ct. App. 1979); 18 Couch on Insurance 2d § 71:40 (1983); 1 A.L.R.3d 1139, 1147 (1965); 16B Appelman, Insurance Law & Practice § 9090 (1981); 45 C.J.S. *Insurance* § 674 at 614 (1946).[4]

---

[4] Both Christen and the Shannons cite *Knapke v. Grain Dealers Mutual Ins. Co.,* 54 Wis. 2d 525, 196 N.W.2d 737 (1972), and *Pouwels v. Cheese Makers Mutual Casualty Co.,* 255 Wis. 101, 37 N.W.2d 869 (1949), for the proposition that exclusions in insurance policies can be waived. We find both cases inapplicable to the situation before the court.

In *Knapke,* the plaintiff owned a building, part of which was rented for use as a family dwelling and the other part of which was used as storage space for two commercial businesses. *Knapke,*

452

Consequently, determining whether a policy condition or term is a coverage clause of either an inclusionary

54 Wis. 2d at 527. Mr. Lingle sustained injuries as the result of an accident in the storage area of the building, brought suit against Knapke, and received a judgment of $15,067.04. *Id.* Knapke's insurer refused to pay the judgment based on a policy exclusion which excluded coverage for property on which business pursuits were conducted, and Knapke sued. *Id.* at 527–28. Knapke argued that the insurer had waived its right to assert the exclusion in the policy due to the conduct, representations, and knowledge of its agents before the policy was issued. The insurer's agent testified that it was his intention in writing the policy to cover the property owned by the plaintiff, that it was his intention to provide coverage for any liability the plaintiff might incur by virtue of his ownership of the property, and that he was aware that the plaintiff was using the property for business purposes. *Id.* at 530, 534. This court affirmed the circuit court's conclusion that any exclusion contained in the policy was expressly waived by the defendant through its agent. *Id.* at 531, 534. *Knapke* is not applicable to the situation before this court, however, because in *Knapke* the parties intended, prior to the issuance of the policy itself, to cover the risk of any liability arising out of the plaintiff's ownership of his building. As such, *Knapke* is more aptly described as a reformation case and is not precedent for finding waiver of the family member exclusion in the case before the court. *See also Perlick v. Country Mutual Casualty Co.,* 274 Wis. 558, 566, 80 N.W.2d 921 (1957).

In *Pouwels,* an attorney employed by Cheese Makers Mutual Casualty Company defended the action against their insured, without a reservation of rights, through judgment. This court affirmed the circuit court's holding that the insurance company, by assuming and conducting the defense of the action, without disclaiming coverage or giving notice of reservation of its rights, was precluded from denying coverage. *Pouwels,* 255 Wis. at 106–07. Nowhere in *Pouwels* is there a discussion of the issue of whether an exclusion in a policy can be waived. Furthermore,

or exclusionary nature going to the scope of the coverage assumed or a forfeiture clause furnishing a ground for the forfeiture of coverage or defeasance of liability is of critical importance to the doctrines of waiver and estoppel. A coverage clause of either an inclusionary or exclusionary nature going to the scope of coverage assumed cannot be waived. On the other hand, a forfeiture clause furnishing a ground for forfeiture of coverage or defeasance of liability or a no-action clause can be waived. Thus, in *Rosenthal,* 158 Wis. at 557, this court construed the location clause of a standard fire insurance policy to be a coverage clause going to the scope of the coverage assumed which, as a result, could not be enlarged by waiver on the part of the insurance company or its agent. *See also Schuster v. Germantown Mutual,* 40 Wis. 2d at 450, and *Artmar, Inc. v. United Fire & Casualty Co.,* 34 Wis. 2d 181, 185, 148 N.W.2d 641, 151 N.W.2d 289 (1967). Whereas, in *Attoe v. State Farm Mutual Automobile Ins. Co.,* 36 Wis. 2d 539, 544, 153 N.W.2d 575 (1967), this court held:

> where an insurer by its answer defends on the merits without interposing a plea in abatement grounded on a no-action clause, or engages in other conduct which is inconsistent with reliance on the defense of the no-action clause, the insurer has waived such defense and will not be permitted to later interpose it.

■ We, therefore, must determine in the case before the court whether the family member exclusion in USAA's

there is no discussion on whether Cheese Makers Mutual Casualty Company was attempting to base its noncoverage argument on an exclusion provision or a forfeiture provision. As a result, we find the case of limited instructive value for the situation before us.

policies is a coverage clause of either an inclusionary or exclusionary nature going to the scope of the coverage assumed or a forfeiture clause furnishing a ground for the forfeiture of coverage or defeasance of liability. We find that the family member exclusion in USAA's policies is an exclusion from coverage which cannot be waived so as to enlarge the policy coverage. Both provisions specifically delineate the scope of the coverage provided. Therefore, we reverse that part of the court of appeals' decision which reversed the circuit court's order dismissing the claim against USAA as insurer of the Shannons.[5]

Christen and the Shannons also argue that the family member exclusion is contrary to public policy. The family member exclusion has been involved in several Wisconsin cases without invalidation. The rationale for these types of exclusions was stated by the court of appeals in *A.G. v. Travelers Ins. Co.,* 112 Wis. 2d 18, 20-21, 331 N.W.2d 643 (Ct. App. 1983):

---

[5] The Shannons also argue that USAA is estopped from asserting its family member exclusion. We disagree. As we have discussed above, "[W]hile estoppel may be used to prevent an insurer from insisting upon conditions which result in forfeiture, estoppel has not been used in this state or in the majority of states as a means whereby the scope of coverage of an insurance policy can be expanded to include coverage which was not provided for or was excluded in the contract." *Ahnapee,* 34 Wis. 2d at 140; *see also International Chiropractors Ins. v. Gonstead,* 71 Wis. 2d 524, 528, 238 N.W.2d 725 (1976); *Madgett v. Monroe County Mutual Tornado Ins. Co.,* 46 Wis. 2d 708, 710-11, 176 N.W.2d 314 (1970); *Shearer v. Dunn County Farmers Mutual Ins. Co.,* 39 Wis. 2d 240, 246, 159 N.W.2d 89 (1968); *Artmar, Inc. v. United Fire & Casualty Co.,* 34 Wis. 2d 181, 185-86, 148 N.W.2d 641, 151 N.W.2d 289 (1967); *Silverton Enterprises v. General Casualty,* 143 Wis. 2d 661, 673, 422 N.W.2d 154 (Ct. App. 1988).

Homeowner's insurance policies often cover liability for injury to third persons. These same policies frequently exclude coverage for liability to 'residents' of the household . . .. The purpose has been explained so " 'as to exempt the insurer from liability to those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injury." ' . . . Thus, the exclusion protects insurers from situations where an insured might not completely cooperate and assist an insurance company's administration of the case.

(Citations omitted.) We find that such exclusions serve a legitimate purpose and are not contrary to public policy.[6]

Finally, the Shannons argue that USAA had initially issued a homeowners policy to the Shannons without the family member exclusion. Subsequently, in 1983, USAA made changes in the Shannon policy, and the family member exclusion was one such change made from the original policy, without adequate explanation or a reduction in premium. As a result, the Shannons argue, their coverage should be extended as a matter of public policy. Contrary to the Shannons' argument, the record before us indicates that USAA did inform the Shannons of the policy changes, and USAA did not only reduce coverage. Duane Spiess, senior claims attorney at USAA, testified that when the family member exclusion was added, numerous other changes were also made in the policy. A notice was sent to Mr. Shannon which

---

[6] In a related argument, Christen maintains that USAA's personal umbrella policy is an automobile liability policy in part and that family member exclusions are specifically prohibited in automobile policies by sec. 632.32(1), Stats. Since the claim before us does not relate to automobile liability, the effect of sec. 632.32(1) on that portion of the umbrella policy relating to automobile liability coverage is irrelevant to the issues before us.

contained the coverage changes, many of which were additions to the coverage provided by the prior policy and some of which were reductions. For example, Mr. Spiess testified that "most of the [policy] limits were at least doubled." No contrary testimony was received. On the basis of this record, we refuse to accept the Shannons' argument that their coverage should be extended as a matter of public policy.

In conclusion, we hold that the circuit court improperly granted summary judgment to the Schultzes and their insurers. In addition, we find that the Schultzes are not immune from liability to Christen Shannon under sec. 895.52(2), Stats. Finally, we hold that, as a matter of law, an insurer cannot waive a family member exclusion clause in its insurance policy.

*By the Court.*—The decision of the court of appeals is affirmed in part and reversed in part, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.