STOKER, Judge.
In this suit the plaintiff sued his own automobile insurance carrier to collect collision damages sustained by his insured vehicle in a one-car accident. The sole issue before us in this appeal is whether a named-driver exclusion endorsement in an automobile insurance policy is valid where it was physically attached to the policy declaration sheet covering the initial period in which it took effect, but in subsequently issued policy renewals the endorsement was mentioned only by reference to the contract number of the endorsement. Renewals were effected every six months by issuance of amended declaration pages reflecting extensions of the original policy. The trial court found that mere reference *11 to the endorsement in subsequent renewals was insufficient to notify the insured that the endorsement was still in effect and held that the endorsement was not in effect on October 9, 1988. We reverse.
FACTS
Plaintiff-appellee, Shel Kanter, owned a 1984 GMC van and another vehicle which were insured by Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau). In September 1986, Farm Bureau informed plaintiff that in order for plaintiffs coverage to continue, he would be required to execute a named-driver exclusion endorsement excluding coverage on his vehicles if driven by his daughter, Laura Kanter. Plaintiff executed this endorsement on September 10, 1986 and was provided with two copies, one of which was attached to the renewal declarations sheet issued on September 10, 1986. Plaintiffs subsequent renewal declaration sheets, provided every six months, specifically referred to the endorsement by its contract number (“Applicable Endorsement: FB200”) but did not include a copy of the endorsement.
On October 9, 1988, Laura Kanter was involved in a one car accident with a utility pole while driving plaintiffs 1984 GMC van. Plaintiff filed a claim under his liability insurance for $2321.08 property damage to the utility pole, which was owned by CLECO. Plaintiff also filed a claim under the collision provisions of his insurance for $4030.23 damages to his van. Farm Bureau denied both claims on the basis of the named-driver exclusion endorsement.
Plaintiff filed this suit against Farm Bureau. Plaintiffs claim for the damages to CLECO’s utility pole was waived prior to trial. A trial on the merits was held as to plaintiffs collision claim, and the trial judge rendered judgment in favor of plaintiff, awarding him $3993.72 damages, plus interest and costs. Farm Bureau appeals this judgment.
OPINION
Farm Bureau contends on appeal that the trial court erred in failing to apply the named-driver exclusion endorsement, assigning as the reason that the endorsement was not physically attached to the renewal declaration sheets provided to plaintiff every six months each time his policy was renewed. The trial judge stated in his written reasons for judgment that reference to “Applicable Endorsement: FB200” on renewal declaration sheets is insufficient to notify an insured that a named driver exclusion endorsement which was executed on September 10, 1986 remained in effect each time his insurance coverage was renewed.
To be effective a rider need not be physically attached to the policy through staples, glue, paper clips or the like. Rather, the intent of the statutes (LSA-R.S. 22:618 and 22:628) requires only that to be effective the insured must be in possession at all times of the entire evidence of the insurance contract. Rozas v. La. Hospital Service, Inc., 413 So.2d 364 (La.App. 3d Cir.1982). See also, Johnson v. Occidental Life Ins. Co. of California, 368 So.2d 1032 (La.1979).
An insurer may change or amend the coverage provided by its insurance policy by an endorsement attached to the policy as long as the endorsement does not conflict with statutory law or public policy. Where an attachment to the policy conflicts with the terms of the policy, the attachment will control. If coverage is provided in the policy, but then excluded in the attachment to the policy, coverage will be excluded. McWright v. Modern Iron Works, Inc., 567 So.2d 707 (La.App. 2d Cir.), writ denied, 571 So.2d 651 (La.1990); Rozas, supra.
We find the trial judge erred in failing to give effect to the endorsement. The endorsement which excludes Laura Kanter as an insured driver was physically attached to the renewal declaration sheet and a second copy was attached to an amended declaration sheet and mailed to plaintiff, all as required by the “entire contract policy” set forth in LSA-R.S. 22:628. Plaintiff had in his possession the entire evidence of the insurance contract.
*12 Moreover, the declaration sheets specifically refer to the endorsement, just as the endorsement specifically refers to the policy which it modifies. The incorporation of a policy or written evidence of insurance with another by specific reference is a recognized practice in the insurance industry and is acceptable under LSA-R.S. 22:628. See Whittington v. Sowela Technical Institute, 438 So.2d 236 (La.App. 3d Cir.), writs denied, 443 So.2d 591, 592 (La.1983).
Plaintiff argues that although he was aware the endorsement became effective when he signed it, he did not realize that it was still effective when his policy was renewed. However, plaintiff admitted at trial that he had no real basis for believing the endorsement was no longer effective and stated that he never realized the renewal declaration sheets specifically referred to the endorsement because he never looked at them.
A policy renewal may be made on a renewal form which extends the policy (by changing the coverage period) without reissuance of a new policy. LSA-R.S. 22:635. The named-driver exclusion endorsement was part of plaintiffs policy, so there was no requirement for it to be reissued each time the policy was renewed. Since plaintiff knew that his policy had an exclusion endorsement and he had a copy of the endorsement, the fact that the endorsement was not reissued every six months was not a reasonable basis for plaintiffs belief that the endorsement was no longer effective.
Plaintiff also argues that the endorsement was ambiguous because it was not obvious that it was still effective. The endorsement was part of the policy. Since the policy had not lapsed, the endorsement was clearly still in effect. The language of the endorsement did not limit its effective period and was not ambiguous.
Therefore, we hold that the named-driver exclusion endorsement on plaintiffs automobile insurance policy must be given effect. Farm Bureau is not liable for damages to plaintiffs van, under the collision provisions of his policy, incurred when the van was being driven by the excluded driver, Laura Kanter.
CONCLUSION
For the reasons given, the judgment of the trial court is reversed. Costs of trial and this appeal are assessed to plaintiff-appellee, Shel Kanter.
REVERSED.