BUDGET RENT-A-CAR SYSTEMS, INC., Plaintiff-Appellant,

v.

The SHELBY INSURANCE GROUP, Defendant-Respondent,

Jeffrey L. MILLER and Robert C. Smith, Defendants.
[Case No. 94-2523]

BUDGET RENT-A-CAR SYSTEMS, INC., Plaintiff,

v.

The SHELBY INSURANCE GROUP, Defendant-Respondent,

Jeffrey L. MILLER, Defendant,

Robert C. SMITH, Defendant-Appellant. [Case No. 94-2838]

Court of Appeals

*Submitted on briefs June 1, 1995.—Decided October 11, 1995.*

(Also reported in 541 N.W.2d 178.)

On behalf of the plaintiff-appellant Budget Rent-A-Car Systems, Inc., the cause was submitted on the briefs of *David A. Roth* of *Peregrine Law Offices, S.C.* of Milwaukee. On behalf of the defendant-appellant Robert C. Smith, the cause was submitted on the briefs of *Robert C. Hahn* of *Holden & Hahn, S.C.* of Sheboygan.

On behalf of the defendant-respondent The Shelby Insurance Group, the cause was submitted on the brief of *Peter D. Alberg* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* of Milwaukee.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J. Budget Rent-A-Car Systems, Inc. and Robert C. Smith appeal from the circuit court's grant of summary judgment in favor of The Shelby Insurance Group. There are two issues on appeal: (1) whether an insurance policy issued by Shelby to Smith provides coverage for damages incurred by a third party, Jeffrey L. Miller, in an automobile accident, and (2) whether Shelby has a duty to defend Smith under the terms of the policy. We conclude that Shelby is not

liable under this policy and that Smith waived his right to raise the duty to defend issue. Accordingly, we affirm.

In April 1992, Smith began operating Sunnyside Audio and Video, which rents tapes for home use. At that time, Smith approached Michael LeRoy, an independent insurance agent, about obtaining insurance coverage for the video store "[a]nd anything else I done."

As a result of this discussion, LeRoy prepared an insurance application and submitted it to Shelby. The application stated that the "insured name" is Robert C. Smith, d/b/a Sunnyside Audio and Video, the insured is an individual, and the business of the named insured is "video rental."

In the summer of 1992, Smith started a construction business. In early August, Smith consulted with LeRoy regarding coverage for the construction business. A policy of insurance was issued to Smith as the sole proprietor of a construction business. This policy was issued by the Secura Insurance Company, and in it Smith described his business as "carpentry."

The automobile accident giving rise to this suit occurred on January 18, 1993. A pickup truck driven by Miller collided with an automobile owned by Budget. At the time of the accident, Miller was working full time on a construction job for the Gus Holman Company. This was a renovation project contracted for by Smith, d/b/a Robert C. Smith Construction. The Gus Holman project was started in August 1992 and completed in April 1993. It is alleged that Miller was working within the scope of employment at the time of the accident.

On a review of summary judgment, appellate courts are governed by § 802.08(2), STATS., and must apply those standards just as they are applied by the trial court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Summary judgment is properly granted where material facts are not in dispute and reasonably drawn inferences lead to one conclusion. *Radlein v. Industrial Fire and Casualty Ins. Co.,* 117 Wis. 2d 605, 609, 345 N.W.2d 874, 877 (1984). Interpretation of an insurance contract is a question of law, *Cunningham v. Metropolitan Life Ins. Co.,* 121 Wis. 2d 437, 450, 360 N.W.2d 33, 39 (1985), and may properly be decided on a motion for summary judgment.

For the purposes of the motion for summary judgment, the material facts are not in dispute. Both parties look to the language of the insurance contract in support of their respective positions. The dispute arises in the interpretation of the language of the Shelby insurance policy and a determination of the coverage it affords Smith.

In interpreting an insurance contract, the court would look first to the language of the contract to determine its meaning. *Beahm v. Pautsch,* 180 Wis. 2d 574, 581, 510 N.W.2d 702, 705 (Ct. App. 1993). If the terms of an insurance policy are unambiguous, the court of appeals will not rewrite the contract, but will simply apply the contract as written to the facts of the case. *Continental Casualty Co. v. Homontowski,* 181 Wis. 2d 129, 133, 510 N.W.2d 743, 745 (Ct. App. 1993).

The first page of Part A of the policy is the declarations page. On that page, it is clearly indicated that the named insured is Robert C. Smith, d/b/a Sunnyside

Audio and Video. The business of the named insured is described as "video rental." The first page of Part B defines the words "you" and "your" as referring to "the person or persons named in the declarations." While this incorporates the information on the declarations page as part of the policy, page two of the declarations has printed, in all caps: " *THIS DECLARATION PAGE PART A*, ENTERPRISER POLICY PROVISIONS PART B (ENT -1 05-90), AND ANY SCHEDULES, FORMS AND ENDORSEMENTS ISSUED TO FORM A PART THEREOF, COMPLETES THE ABOVE NUMBERED POLICY." (Emphasis added.) By this express language, the declarations page is termed a part of the policy.

This further comports with the long-standing rule in Wisconsin that endorsements, whether issued with the policy or subsequently, become part of the policy. *See Maas v. Ziegler,* 172 Wis. 2d 70, 80-81, 492 N.W.2d 621, 625 (1992). The Seventh Circuit Court of Appeals, in applying Wisconsin law, stated that "[a]ll three documents, policy, declarations, and special endorsement, were stapled together and comprised one unit when issued." *Petrowski v. Hawkeye-Security Ins. Co.,* 237 F.2d 609, 610 (7th Cir. 1956), *cert. denied,* 352 U.S. 972 (1957).[1]

---

[1] Case law from other jurisdictions is also in agreement. The Georgia Court of Appeals stated that "[t]he declaration page of the policy of insurance constitutes a part thereof and the provisions therein must be construed with the remainder of the insurance contract." *McGee v. Southern Gen. Ins. Co.,* 391 S.E.2d 669, 670 (Ga. Ct. App. 1990). *See, e.g., Cullum v. Farmers Ins. Exch.,* 857 P.2d 922, 925 (Utah 1993); *Kanter v. Louisiana Farm Bureau Mut. Ins. Co.,* 587 So. 2d 9 (La. Ct. App. 1991); *American Pioneer Life Ins. Co. v. Allender,* 713 S.W.2d 249, 251

The declarations page states that the policy is issued to Smith, d/b/a Sunnyside Audio and Video. Since the declarations page forms a part of the policy, it is reasonable to incorporate reference to the video rental business as the only business that is covered by this policy. Smith subsequently sought additional insurance for his construction business after obtaining the job at the Gus Holman site. There is no coverage under the Shelby policy for risks associated with Smith's construction company.

In its appeal, Budget also argues that doctrines of waiver, estoppel or reformation should be applied, precluding Shelby from denying coverage to Smith's construction business. We disagree.

The general rule is well established that waiver or estoppel, based upon the conduct of an agent, is not applicable to matters of coverage. *Shannon v. Shannon,* 150 Wis. 2d 434, 450-51, 442 N.W.2d 25, 33 (1989). "The rule in Wisconsin is that estoppel can neither create an insurance contract where none exists, nor enlarge existing coverage." *Hoeft v. United States Fire Ins. Co.,* 153 Wis. 2d 135, 144, 450 N.W.2d 459, 463 (Ct. App. 1989). Estoppel and waiver cannot be applied to create a liability for coverage not contracted for. *See Shannon,* 150 Wis. 2d at 451-52, 442 N.W.2d at 33. The issue of whether risks associated with Smith's construction business are covered under a policy issued to Sunnyside Audio and Video concerns the scope of coverage of the policy. The Shelby policy was issued to Smith, d/b/a Sunnyside Audio and Video. It covered risks associated with the video business. To now extend

(Ark. Ct. App. 1986); *First Am. Title Ins. Co. v. Seaboard Sav. and Loan Ass'n,* 315 S.E.2d 842, 845 (Va. 1984).

that coverage to Smith's construction business would enlarge the scope of coverage. We agree with the finding of the trial court that doctrines of waiver and estoppel are not applicable.

In the alternative, Budget argues that the Shelby policy should be reformed to provide coverage based upon mutual mistake, premised on a claim that Smith *believed* that the Shelby policy covered all of his business ventures. A cause of action for reformation of a policy is allowed if the party seeking reformation can show that because of fraud or mutual mistake, the policy does not contain provisions which were desired and intended to be included. *Sprangers v. Greatway Ins. Co.,* 175 Wis. 2d 60, 70, 498 N.W.2d 858, 863 (Ct. App. 1993), *aff'd,* 182 Wis. 2d 521, 514 N.W.2d 1 (1994). Mutual mistake is established when the party applying for insurance proves that certain statements were made to the agent concerning desired coverage, but the issued policy did not provide such coverage. *Id.* at 71, 498 N.W.2d at 863.

Budget contends that since LeRoy knew that Smith was in the construction business when the Shelby policy was written, he should have written the policy to include that business. Budget's contention is contrary to the undisputed facts.

When Smith applied for the Shelby policy, he told LeRoy that he wanted insurance for the video store and "anything I done I wanted insurance for me." LeRoy then wrote the Shelby policy insuring the video business. However, a few months later, Smith received a letter from the City of Sheboygan stating that his construction business insurance was running out and that if it lapsed Smith would lose his contractor's license.

672

Smith presented the City of Sheboygan letter to LeRoy and consulted with LeRoy as to the necessary coverage. LeRoy asked Smith what construction business coverage he wanted, and Smith requested enough insurance to get his contractor's license with the city—the "bare bones minimum." Furthermore, LeRoy and Smith discussed the issue of coverage for non-owned vehicles, and Smith declined that coverage. After consulting with Smith, LeRoy then wrote the separate Secura policy providing insurance for the construction business.

Contrary to any alleged belief that Smith may have had as to the limits and coverage of the Shelby policy, it is undisputed that by late August 1992 and at the time of the January 18, 1993 accident, two separate insurance policies were in effect—the Shelby policy covering the video business and the Secura policy providing coverage for Smith's construction business. We conclude that Smith clearly understood that he needed insurance for the two separate business entities and that he was not under the impression that the Shelby policy conferred coverage for both entities.[2]

We hold that the issue of Shelby's duty to defend has been waived. The burden is on the party bringing an appeal to establish through the record that the issue was raised with sufficient prominence that the trial court considered it in its disposition. *Beacon Bowl, Inc. v. Wisconsin Elec. Power Co.,* 176 Wis. 2d 740, 790, 501 N.W.2d 788, 808 (1993). "This court will not entertain claims which were not pleaded or pursued below and

---

[2] We note that Smith does not raise an appellate issue of reformation based upon a mistake of fact between him and LeRoy on the extent of the coverage of the Shelby policy.

which were not even remotely considered by the trial court . . .." *Martin v. Liberty Mut. Fire Ins. Co.,* 97 Wis. 2d 127, 135, 293 N.W.2d 168, 172 (1980).

The only context in which the duty to defend issue was raised to the trial court was in the memorandum brief in opposition to Shelby's motion for summary judgment. Smith referred to the section headed: "THE SHELBY POLICY CLEARLY COVERS THE LIABILITY OF ROBERT C. SMITH AND PROVIDES FOR HIS DEFENSE," but only in support of his argument regarding Shelby's liability under the insurance contract. Nowhere was the duty to defend issue argued apart from this contention or raised as a separate issue. This court will not consider issues raised for the first time on appeal. *Allen v. Allen,* 78 Wis. 2d 263, 270, 254 N.W.2d 244, 248 (1977). Smith has waived his right to appeal this issue.

*By the Court.*—Judgment affirmed.