Richard P. SELERSKI, Plaintiff-Appellant-Cross Respondent,†

v.

VILLAGE OF WEST MILWAUKEE, Eugene R. Oldenburg, James Kinzel and Ned Kellerman, Defendants-Respondents-Cross Appellants.†

Court of Appeals

*No. 96–1041. Submitted on briefs May 6, 1997.—Decided June 3, 1997.*

(Also reported in 568 N.W.2d 9.)

†Petition to review denied.

On behalf of the plaintiff-appellant-cross respondent, the cause was submitted on the briefs of *Robert E. Sutton* of *Robert E. Sutton Law Offices*, of Milwaukee.

On behalf of the defendants-respondents-cross appellants, the cause was submitted on the briefs of *Anna M. Pepelnjak* and *Michele M. Ford* of *Crivello, Carlson, Mentkowski & Steeves, S.C.*, of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

FINE, J. Richard P. Selerski, a former police officer employed by the Village of West Milwaukee, brought this action against the Village, Eugene R. Oldenburg, Chief of Police for the Village, and James Kinzel and Ned Kellerman, Village of West Milwaukee police officers, alleging claims for: (1) "conspiracy to injure" Selerski "in his profession and reputation" under § 134.01, STATS.; (2) slander and defamation; (3) deprivation of Selerski's rights under 42 U.S.C. § 1983; (4) "wrongful termination of employment"; (5) "intentional or negligent infliction of emotional distress"; and (6) age discrimination in violation of 29 U.S.C. § 621 *et seq.* The trial court granted the Village's motion for summary judgment and dismissed with prejudice: Selerski's claim under § 134.01; his claim for slander and defamation; his 42 U.S.C. § 1983 claim; and his

12

age-discrimination claim. Additionally, the trial court dismissed without prejudice Selerski's claims for intentional and negligent infliction of emotional distress, and his claim for wrongful termination. Selerski appeals the dismissal of his § 1983 claim, his claims for intentional and negligent infliction of emotional distress, and his wrongful-termination claim.[1] The defendants cross-appeal, asserting that the trial court's dismissal of Selerski's claims for constructive termination and intentional and negligent infliction of emotional distress should have been with prejudice. We affirm on the appeal and cross-appeal.

## I.

This lawsuit has its genesis in Selerski's alleged violation of a Village policy that required those Village employees receiving workers compensation checks directly from the compensation carrier to give those checks to the Village, which would pay to employees receiving workers compensation their full salary.

[1] The trial court's oral decision noted that it was dismissing with prejudice Selerski's claim for "actual discharge," but was dismissing without prejudice Selerski's claim for "constructive discharge." The written order entered by the trial court, however, makes no such distinction, and recites that Selerski's "claim for wrongful termination is dismissed without prejudice." Selerski appeals from the whole of the trial court's judgment, but only seeks review of the trial court's dismissal of his 42 U.S.C. § 1983 claim and his claims for constructive wrongful-termination and intentional and negligent infliction of emotional distress. We thus do not address the trial court's dismissal of his claim for actual termination. *See Reiman Assocs., Inc. v. R/A Advertising, Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981) (issues not briefed are deemed abandoned).

According to the Village, Selerski cashed two such checks, totaling $900, even though he had received his full salary from the Village. After an investigation and a hearing at which Selerski appeared with a union representative, Oldenburg, the chief of police, found that Selerski had violated police department rules. Oldenburg told Selerski that he was recommending the following discipline: Selerski was to repay the $900, take a twenty-day suspension without pay, be demoted to the rank of patrol officer, and take permanent reassignment to the third shift.

Although he repaid the $900, Selerski refused to accept the proposed discipline. Two weeks later, in a letter from a law firm apparently representing Selerski at the time, the Village was told that "following the advice of Dr. John T. Bond, who is treating Richard Selerski for a psychiatric illness, Officer Selerski declines now to make any decision concerning the acceptance or rejection of the disciplinary penalties proposed by the Chief." Oldenburg then filed formal charges against Selerski with the Village Fire and Police Commission.

Selerski began his work as a police officer with the Village of West Milwaukee in 1968 and last worked for the Village on June 2, 1993. On July 19, 1994, just prior to the exhaustion of his accumulated leave, Selerski requested a medical leave of absence to "continue until my disciplinary matter is resolved or my doctor allows me to return to work, whichever occurs first." Selerski's request was considered by the Village board at its meeting on August 15, 1994, but was tabled without resolution. Selerski was removed from the payroll effective July 22, 1994. Oldenburg withdrew his charges against Selerski on September 8, 1994.

Selerski's complaint alleged that the dispute over the $900 was but part of continued harassment of him by the individual defendants that began in 1984 and continued through 1994. He claimed that Kellerman wrote and distributed anonymous notes and cartoons that mocked Selerski, and that Kellerman interfered with Selerski's investigations and tampered with his property. Selerski also claimed that Oldenburg and Kinzel did nothing in response to Selerski's complaints about the alleged harassment by Kellerman.

As relevant to this appeal, the trial court dismissed Selerski's claims under 42 U.S.C. § 1983 because Selerski failed to raise a genuine issue of material fact that any action against him was based on the municipality's "policy, practice or custom." The trial court dismissed without prejudice Selerski's claims for constructive wrongful-termination and intentional and negligent infliction of emotional distress because Selerski did not comply with § 893.80(1)(b), STATS. (1993–94). We discuss these matters in turn.

## II.

Summary judgment is used to determine whether there are any disputed facts that require a trial, and, if not, whether a party is entitled to judgment as a matter of law. RULE 802.08(2), STATS.; *U.S. Oil Co. v. Midwest Auto Care Servs., Inc.*, 150 Wis. 2d 80, 86, 440 N.W.2d 825, 827 (Ct. App. 1989). Our review of a trial court's grant of summary judgment is *de novo. See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). We must first determine whether the complaint states a claim. *Ibid.* If the complaint states a claim, we must then determine whether

"there is no genuine issue as to any material fact" so that a party "is entitled to a judgment as a matter of law." *See* RULE 802.08(2), STATS.; *Green Spring Farms*, 136 Wis. 2d at 315, 401 N.W.2d at 820. There is no dispute here but that Selerski's complaint states claims under 42 U.S.C. § 1983 (Selerski's complaint alleged that he "was dismissed from his employment without a hearing as required by *Cleveland Board of Education v. Loudermil*, 84 L.Ed.2d 494 (1985)") and for wrongful-termination and intentional and negligent infliction of emotional distress.

■ As the trial court recognized, the party with the burden of proof on an element in the case must establish that there is at least a genuine issue of fact on that element by submitting evidentiary material "set[ting] forth specific facts," RULE 802.08(3), STATS., material to that element. *Transportation Ins. Co. v. Hunzinger Constr. Co.*, 179 Wis. 2d 281, 290–292, 507 N.W.2d 136, 139 (Ct. App. 1993). We analyze the trial court's grant of summary judgment against this background.

1. *Claim under 42 U.S.C. § 1983.*

42 U.S.C. § 1983 provides, in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Although "municipalities and other local governmental bodies are 'persons' within the meaning of § 1983," a plaintiff seeking to impose § 1983 liability on a municipality must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of County Commissioners v. Brown*, — U.S. —, 117 S. Ct. 1385–1388, — L.Ed.2d — (1997). This requirement holds true when employees of a municipality are sued in their official capacity—such suits being, in reality, against the municipality. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). On the other hand, in § 1983 suits against government officials in their personal capacities " 'it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.' " *Ibid.* (Quoted source omitted.) But, to assert a § 1983 claim against a government official in his or her personal capacity there must be an express statement to that effect before the trial court—"an allegation that the defendants were acting under color of law generally is construed as a suit against the defendants in their official capacities only." *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990); *see also Lake County Juvenile Court v. Swanson*, 671 N.E.2d 429, 434 (Ind. App. 1996) (allegations in complaint determine whether defendant is sued in official or personal capacity). When the complaint is ambiguous as to whether a defendant is being sued in his or her official or personal capacity, resort is had to the "course of proceedings" to make that determination. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

Selerski's complaint is silent on the capacity in which the individual defendants are being sued under 42 U.S.C. § 1983. The only pertinent allegation is that they were acting "in the scope of their employment as

agents of the defendant, Village of West Milwaukee." In their brief before the trial court in support of their motion for summary judgment, the defendants specifically asserted:

> Selerski does not specify whether he sues Oldenburg in his official or individual capacity (Complaint, para. 3). The court must therefore assume Oldenburg is sued solely in his official capacity. *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990) (Sec. 1983 claims not expressly designated will be assumed to be official capacity claims).

This assertion was not controverted by Selerski in his brief in opposition to the defendants' motion for summary judgment, and Selerski's reply brief on this appeal does not dispute the defendants' contention that there is nothing in the record before the trial court to indicate that Oldenburg was sued under § 1983 in anything other than his official capacity. Thus, this fact is conceded. *See Charolais Breeding Ranches, Ltd. v. FPC Securities Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493, 499 (Ct. App. 1979). Although Selerski *now* contends that Oldenburg is being sued under § 1983 in his personal capacity, we see no reason to depart from our general rule that we will not consider matters raised for the first time on appeal. *See Budget Rent-A-Car Sys., Inc. v. Shelby Ins. Group*, 197 Wis. 2d 663, 674, 541 N.W.2d 178, 181–182 (Ct. App. 1995). Inasmuch as the record is wholly devoid of any evidentiary material that demonstrates that the alleged deprivation of Selerski's right to an appropriate hearing was pursuant to a "policy" or "custom" of the municipality, the trial court's dismissal on summary judgment of Selerski's § 1983 claims is affirmed.

2. *State claims.*

18

## A. *Selerski's Appeal.*

The trial court dismissed without prejudice Selerski's claims for constructive wrongful termination and intentional and negligent infliction of emotional distress because Selerski did not comply with § 893.80(1)(b), STATS. (1993–94). This section provided:

> **(1)** Except as provided in subs. (1m) and (1p), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe [*sic*] of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:
>
> . . . .
>
> (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance. Notice of disallowance shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service. No action on a claim against any defendant fire company, corporation, subdivision or agency nor against any defendant officer, official, agent or employe, may be brought after 6 months from the date of service of the notice,

and the notice shall contain a statement to that effect.[2]

Selerski does not dispute that he did not wait until either his claim filed under § 893.80, STATS. (1993–94), was disallowed or the expiration of 120 days from the time his claim was filed. This is fatal to an action based on matters underlying the claim. *See Zinke v. Milwaukee Transport Servs., Inc.*, 99 Wis. 2d 506, 512–513, 299 N.W.2d 600, 603–604 (Ct. App. 1980); *see also Colby v. Columbia County*, 202 Wis. 2d 342, 357–358, 362–364, 550 N.W.2d 124, 131, 132–133 (1995) ("Section 893.80(1)(b) requires that the plaintiff first provide the county with a notice of claim, followed by either a denial of such claim by the county, or the expiration of the 120-day disallowance period, prior to the filing of a summons and complaint.") (applying prospectively conclusion that §§ 893.02 and 893.13, STATS., do not override the notice requirements of § 893.80, STATS.). Although Selerski argues that he should have been

---

[2] Section 893.80(1)(b), STATS., was amended, effective April 4, 1996, and made applicable to "actions arising against governmental bodies, officers, agents or employes [*sic*]" on that date as follows:

(1) Except as provided in subs. (1g), (1m), (1p) and (8), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe [*sic*] of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

. . . .

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed.

1995 Wis. Act 158, §§ 18, 21(2).

permitted to amend his complaint to allege the expiration of the 120-day period (which ran after he filed his summons and complaint), amendments are, obviously, only permitted if the action is otherwise properly commenced, and Selerski submits no authority, and we have found none, that holds that the 120-day period may be short-circuited by a prematurely filed summons and complaint that is later amended. Indeed, *Rabe v. Outagamie County*, 72 Wis. 2d 492, 498–499, 241 N.W.2d 428, 432 (1976), recognizes that an action that is filed prematurely must be dismissed. Thus, the trial court correctly dismissed without prejudice Selerski's claims for constructive wrongful termination and for intentional and negligent infliction of emotional distress.

B. *Defendants' Cross-Appeal.*

The defendants argue in their cross-appeal that Selerski's claims for constructive wrongful termination and for intentional and negligent infliction of emotional distress must be dismissed with prejudice because Selerski did not comply with § 893.80(1)(a), STATS., and because there is no evidence that his working conditions would have been "intolerable" to a reasonable person. *See Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1005 (7th Cir. 1994) (plaintiff asserting claim for constructive discharge must show that "working conditions were so intolerable that a reasonable person would have been compelled to resign"), *cert. denied*, 513 U.S. 1001.

Section 893.80(1)(a), STATS. (1993–94), provided:[3]

> **(1)** Except as provided in subs. (1m) and (1p), no action may be brought or maintained against

---

[3] See footnote 2, above.

any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe [*sic*] of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe [*sic*] under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe [*sic*].

Selerski filed his notice of claim on September 2, 1994, which is well within 120 days after Selerski was removed from the Village's payroll, and, indeed, was before Oldenburg withdrew the charges against Selerski.

Although the defendants contend in their brief that "[i]t is undisputed that the alleged harassment [by the defendants of Selerski] terminated at the end of 1992," a fair review of the summary-judgment record supports Selerski's view that there are genuine issues of material fact that preclude a determination as a matter of law that the alleged harassment did not continue until at least the time that either Selerski was removed from the Village's payroll or when Oldenburg

withdrew his charges. Additionally, we cannot say on this record that Selerski's claim for constructive discharge did not mature until either those dates or when the Village board declined to put him on medical leave; the record raises factual issues as to whether Selerski's mental problems that either led to or contributed to his inability to resume his employment as a Village of West Milwaukee police officer were triggered by the way he was treated in connection with the matters alleged in his complaint. Simply put, giving Selerski the benefit of all favorable reasonable inferences to be drawn from the summary-judgment record, *see Kraemer Bros., Inc. v. United States Fire Ins. Co.*, 89 Wis. 2d 555, 566, 278 N.W.2d 857, 862 (1979) (moving party must demonstrate right to summary judgment "with such clarity as to leave no room for controversy"; "All doubts as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment."), we cannot say on this record that a reasonable jury could not find that the alleged harassment continued until Oldenburg withdrew his charges, or, in connection with his claim for constructive wrongful termination, that Selerski's leaving the force was not a consequence of the way he was treated, up until the time the Village denied his request for medical leave.[4] Accordingly, we cannot conclude on

---

[4] Indeed, according to Selerski's uncontradicted deposition testimony, Oldenburg "in an open hearing said that he was not taking me back," and, although other conclusions are also possible, a reasonable jury could find that this statement reflected an animosity towards Selerski by Oldenburg that colored his treatment of Selerski.

In their reply brief submitted in support of their cross-appeal, the defendants state: "[Selerski] admits in his complaint and in deposition that the events he claims were intended to

23

this record that Selerski's notice of claim did not comply with § 893.80(1)(a), STATS., or that the record is so clear that Selerski should be precluded from having a jury decide whether his inability to work as a Village of West Milwaukee police officer resulted from working conditions that would have been "intolerable" to a "reasonable person."

*By the Court.*—Judgment affirmed.

force his departure were coemployee harassment ending in 1992, and Oldenburg's recommendation that he be disciplined." Neither the complaint nor the record reference to Selerski's deposition supports that statement.