737 So.2d 164 (1999)
BAILSCO BLADES & CASTING INC. Employee Benefits Trust, Plaintiff-Appellee,
v.
FIREMAN'S FUND INSURANCE CO., et al., Defendants-Appellants.
No. 31,876-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*165 James Alex Mijalis, Shreveport, Counsel for Defendant-Appellant Fireman's Fund Ins. Co.
Kenneth Mascagni, Shreveport, Counsel for Defendant-Appellee Scottsdale Ins. Co.
John W. Luster, Natchitoches, Counsel for Plaintiff-Appellee Bailsco Blades & Castings.
Before NORRIS, WILLIAMS and GASKINS, JJ.
NORRIS, Chief Judge.
Fireman's Fund Insurance Company contests the trial court's ruling on two motions for summary judgment, holding that Scottsdale Insurance Company did not provide coverage for the claim brought by Bailsco Blades and Casting Inc. We affirm.

Facts
James B. Haynes (Haynes) and J. Pat Beaird (Beaird) were members, non-compensated shareholders, and officers of Four Square Duck Club, Inc., a private hunting company. During the pre-dawn hours of December 16, 1995, Haynes, Beaird, and others were using an airboat owned by Four Square to get to a duck blind; Beaird was driving. At about 5:45 a.m., the airboat struck a tree, causing Haynes to be injured. Due to the accident, Haynes required medical treatment, *166 $20,419.45 of which was paid by health insurance provided by his employer, Bailsco Blades & Casting, Inc. (Bailsco). Bailsco subrogated Haynes's claim and filed suit against Four Square and its insurer, Scottsdale Insurance Company, and against Beaird and his insurer, Fireman's Fund. Bailsco subsequently dismissed Four Square without prejudice.
Fireman's Fund and Scottsdale both filed motions for summary judgment asking the trial court to decide whether Scottsdale provided coverage for the incident. Pursuant to the motions, a joint stipulation was filed, which provided that both insurance companies had current policies issued to their respective clients at the time of the incident, the accident was due to the negligence of Beaird, and Fireman's Fund policy provided coverage and will reimburse Bailsco for Haynes's medical expenses. As such, the only issue remaining in the suit was whether Scottsdale provided coverage.
The trial court granted Scottsdale's motion for summary judgment, and denied Fireman's Fund, dismissing all claims against Scottsdale with prejudice. Both judgments were certified and Fireman's Fund is contesting these rulings.

Law
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. Art. 966 C(1). Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of the judgment. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152.
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts. Leckie v. Auger Timber Co., 30,103 (La.App.2d Cir.1/21/98), 707 So.2d 459. The intent of the parties should be determined. La. C.C. art.2045; Spillers v. ABH Trucking Co., 30,332 (La. App.2d Cir.4/13/98), 713 So.2d 505, writs denied 98-1313, 98-1327 (La.6/26/98), 719 So.2d 1063, 1287. Terms and provisions are to be construed in their general and popular meaning and any ambiguity will be construed against the insurer and in favor of the insured. Id.; La. C.C. art.2047 & 2057; see also Bergquist v. Fernandez, 535 So.2d 827 (La.App. 2d Cir.1988). The insurance contract is to be construed as a whole. McWright v. Modern Iron Works, Inc., 567 So.2d 707 (La.App. 2d Cir.), writ denied 571 So.2d 651 (1990). A provision limiting liability or negating coverage that is otherwise provided will be given effect if it is clear and unambiguous. McWright v. Modern Iron Works, Inc., supra.
In the absence of a conflict with statutes or public policy, insurers have the same rights as individuals to limit their liability. Spillers v. ABH Trucking Co., supra, Leckie v. Auger Timber Co., supra; Collinsworth v. Foster, 28,671 (La.App.2d Cir.9/25/96), 680 So.2d 1275. Additionally, an insurer may change or amend coverage by an endorsement attached to the policy. McWright v. Modern Iron Works, Inc., supra; Leckie v. Auger Timber Co., supra; Kanter v. Louisiana Farm Bureau Mut. Ins. Co., 587 So.2d 9 (La.App. 3d Cir.1991). Where an attachment to the policy conflicts with the terms of the policy, the attachment will control. Id. If coverage is provided in the policy, but then excluded in the attachment to the policy, coverage will be excluded. Id.
When subrogated to the rights of the insured, the insurer stands in the shoes of the insured and thereby acquires the independent right to assert the actions and rights of the insured. Barreca v. Cobb, 95-1651 (La.2/28/96), 668 So.2d 1129; *167 La. C.C. art. 1825 & 1826. Additionally, the subrogated insurer acquires no greater rights than those possessed by its subrogor and is subject to all limitations applicable to the original claim of the subrogor. Travelers Ins. Co. v. Impastato, 607 So.2d 722 (La.App. 4th Cir.1992).

Analysis
Fireman's Fund argues that the Commercial Liability Policy issued by Scottsdale gives coverage in one instance, then takes it away through the Private Hunt Club Endorsement, and as such the policy is ambiguous and should be interpreted so as to provide coverage. The "general liability coverage form" provides coverage for bodily injury arising out of "ownership, maintenance, use or entrustment to others of any ... watercraft owned or operated by or rented or loaned to any insured." The policy also has a "Private Hunt Club Endorsement" which provides that 1) "THIS ENDORSEMENT CHANGES THE POLICY," and 2) "This insurance does not apply to any claim for Bodily Injury ... by any member or members against another member or other members."
Scottsdale has a right to limit its liability toward Four Square and its members. Though the policy provides general coverage for bodily injury resulting from the use of watercraft, the endorsement, which is attached to the policy, amends the policy to deny coverage for bodily injury of one member as a result of the actions of another member. Neither the endorsement nor the policy is ambiguous, and the attachment, or endorsement controls. As such, since coverage is excluded by the endorsement, Scottsdale's policy does not cover Haynes's injuries. Leckie v. Auger Timber Co., supra.
Fireman's Fund also argues that since Bailsco is not a member, but is bringing a derivative suit, the endorsement does not apply. Haynes signed a "Subrogation Authorization Form" assigning his right to recovery to Bailsco. Bailsco sued in its capacity as subrogated insurer. As such, Bailsco stands in Haynes's shoes, acquiring the independent right to assert his tort action. Barreca v. Cobb, supra. Bailsco is subject to all limitations applicable to the original claim. Travelers Ins. Co. v. Impastato, supra. As outlined above, Scottsdale did not provide coverage for the accident due to the exclusion for suits by one member against another. Coverage is equally excluded when one such member signs a subrogation agreement and the subrogee sues another member.

Conclusion
In sum, there is no genuine issue of material fact and Scottsdale is entitled to summary judgment as a matter of law. As such, the trial court was correct in granting the summary judgment in favor of Scottsdale, and in denying the summary judgment filed by Fireman's Fund. The Scottsdale policy did not provide coverage under the circumstances before us. Cost assessed to Appellant.
AFFIRMED.