| .EDWARD A. DUFRESNE, JR., Judge.
This is an appeal by Louisiana Farm Bureau Mutual Insurance Co., defendant-appellant, from an $8,000 judgment in favor of Edward Ware, plaintiff-appellee, in this automobile accident case. For the following reasons we affirm.
The basic facts are straightforward. Ware was employed by Jefferson Parish and the parish furnished him a car for his regular duties. In February of 2001 he was in an accident in this car with an uninsured motorist. It was stipulated that if the uninsured motorist coverage in his own insurance policy was applicable to the accident, then he would be entitled to $8,000 in damages.
The controversy involving the UM coverage arose as follows. In 1996 Ware took out an automobile liability policy with Farm Bureau and purchased UM coverage equal to the limits of the policy. Payments for the policy were made directly from Ware’s bank account and a monthly receipt was sent to him by the insurer. It is stipulated that this policy provided UM coverage when Ware was driving his parish car.
1¡¡Farm Bureau asserts that certain 1998 amendments to the UM section of its policies did away with such coverage when its insureds were driving cars provided for regular use by their employers. It produced at trial a copy of the new policy and a cover letter which it contends it sent to all of its policy holders explaining the above change. Although Farm Bureau had no documentary evidence showing that the new policy had in fact been sent to the Wares and actually received by them, it did offer the testimony of Karen Perkins, its policy services manager, to the effect that in its regular course of business all policy holders would have been sent notices of the change.
*469 Edward Ware’s wife, Melvina, testified that she handled the automobile insurance policies for the family. She said that when they first bought the Farm Bureau policy in 1996 they made sure that the UM coverage applied to the parish car because they knew that Jefferson Parish did not have such coverage on its vehicles. She further testified that she did not recall ever having received notice of the 1998 exclusion changes in UM coverage, and added that if she would have received such notice she would have shopped for other policies that would have provided UM coverage for the parish car. She also noted that the premiums for the Farm Bureau policy did not change at the time the alleged amendment went into effect, and therefore she had no reason to think that there had been any changes in the coverage.
On the above showing the trial judge awarded the stipulated damages of $8,000 to Ware. No reasons for judgment appear in the record. Farm Bureau now appeals.
The only issue here is whether Farm Bureau complied with the notice requirements of La. R.S. 22:628. That statute mandates that any amendments to an insurance policy must be in writing and physically attached to the policy. Those | ¿amendments are deemed to be physically attached to the policy when they are mailed to the insured at his last known address. Failure to comply with the statute renders the amendments ineffective.
In Brown v. Permanent General Insurance Co., 00-1514 (La.App. 5th Cir.3/14/01), 783 So.2d 467, this court held that in the La. R.S. 22:628 context an insurer’s evidence that it was its normal business practice to mail a policy change to its insureds was not conclusive proof that it had been done, but rather only prima facie evidence of that fact which was subject to rebuttal. It further noted that the ultimate determination of whether the mailing took place was a factual one subject to the manifest error standard of review.
In the present case Farm Bureau had no record of having sent the documents to the Wares, but put on evidence to show that it would normally have sent them to all policy holders. Mrs. Ware testified that she did not recall ever having seen the letter and new policy. This testimony was bolstered by her further statements that one of the motives for taking out the Farm Bureau policy was to get UM coverage on the parish car, and that had she become aware that that coverage was no longer provided by Farm Bureau she would have shopped for a policy that included it.
It is apparent that the trier of fact credited the testimony of Mrs. Ware and concluded that it was more probable than not that the papers were not sent. While this court might have made a different finding had it been sitting as the trier of fact, that is not the test here. Rather under the manifest error standard the test is whether a reasonable trier of fact could have made the finding at issue considering the entire record of the case. Clearly, if Mrs. Ware’s testimony is believed then it is reasonable to conclude that the papers were not sent to her. Because this finding does not constitute manifest error, we are precluded from setting it aside. As a consequence, the amendments to the policy were ineffective as to the Wares, and 1 Bthe trial judge properly awarded damages under the UM provisions of the original policy-
For the foregoing reasons the judgment of the trial court is hereby affirmed.

AFFIRMED.