# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2011

No. 10-30184

Lyle W. Cayce
Clerk

MARY WILLIAMS; MICHAEL MANINT; SUSAN MANINT,

Plaintiffs - Appellants

v.

REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY; REPUBLIC
LLOYDS; SOUTHERN INSURANCE COMPANY, REPUBLIC COMPANIES
GROUP, INCORPORATED,

Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-104

Before SMITH, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellants Mary Williams, Michael Manint, and Susan Manint
(collectively referred to as Appellants) challenge the district court's judgment in
favor of Appellee Republic Fire and Casualty Insurance Company (Republic).
Specifically, they challenge the district court's interpretation and application of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30184

their insurance agreements' Named Storm Deductible. Because the district court correctly construed and applied the Named Storm Deductible, we affirm.

I.

Republic began insuring Appellants' homes in the mid-1990s. Appellants' original policies did not include a Named Storm Deductible. However, in 2003, Republic instituted a Named Storm Deductible in its Louisiana homeowners insurance policies. The Named Storm Deductible Endorsement provided that "[f]or a premium credit, [Republic] will pay only that part of the total of the loss for all Section I Property Coverages that exceeds the Named Storm deductible shown on the Declarations page." The Declarations page listed two deductibles for Section I Property: an All Perils Deductible of $1,000, and a Named Storm Deductible of 5%.

Accordingly, Republic issued a renewal policy to the Manints in December 2003 and to Williams in April 2004 that included the Named Storm Deductible Endorsement. Mailed with the renewal policy was an Important Policyholder Notice concerning the Named Storm Deductible. Appellants do not contest the receipt of the Important Policyholder Notice with their renewal policy. The Important Policyholder Notice provided an example for calculating the Named Storm Deductible. It stated:

> THIS NOTICE DOES NOT PROVIDE COVERAGE NOR DOES THIS NOTICE REPLACE ANY PROVISION OF YOUR POLICY. YOU SHOULD READ YOUR POLICY, POLICY ENDORSEMENTS AND YOUR DECLARATIONS PAGE FOR COMPLETE INFORMATION ON THE COVERAGES YOU ARE PROVIDED WITH. IF THERE IS ANY CONFLICT BETWEEN THE POLICY AND THIS NOTICE, THE PROVISIONS OF THE POLICY AND POLICY ENDORSEMENTS SHALL PREVAIL.
>
> . . .
>
> Your enclosed renewal policy has been issued with two deductibles. The "Named Storm Deductible" applies to loss resulting from a tropical storm or hurricane. The "All Peril Deductible" applies to

2

No. 10-30184

loss resulting from all other perils.  Your enclosed renewal policy has been issued with a 5% "Named Storm Deductible".

For example, if your dwelling is insured for $100,000, your deductible for tropical storms and hurricanes would be $5,000.  The deductible for damage to your home and personal property caused by other perils (such as fire and theft) will remain the same.

You may choose to reduce the "Named Storm Deductible" to 2%, for an increased premium.  You may also choose to eliminate the "Named Storm Deductible", also for an increase in premium.  If you eliminate the "Named Storm Deductible" your "All Peril Deductible" will apply to all losses, including those caused by tropical storms and hurricanes.  Please contact your agent if you need further information, or wish to change your deductible.

The Manints' policy was renewed again in December 2004 and Williams's policy was renewed again in April 2005.  These renewal policies were in effect at the time Hurricane Katrina struck.  The policies included the Named Storm Deductible Endorsement and the Declarations page listing the Named Storm Deductible.  Republic did not send Appellants another copy of the Important Policyholder Notice.

On August 29, 2005, Hurricane Katrina struck Louisiana and caused substantial damage to Appellants' homes.  Republic thereafter inspected the damaged properties,  determined the amount of covered loss, and calculated Appellants' Named Storm Deductible in accordance with the Important Policyholder Notice example.  Republic assessed a Named Storm Deductible to the Manints of $4,445.00, which was 5% of their dwelling coverage limit.  Likewise, it assessed a deductible to Williams of $7,320.00, which was 5% of her dwelling coverage limit.

Two years after Hurricane Katrina struck, Appellants filed suit alleging that Republic miscalculated the Named Storm Deductible.  Appellants insisted that the policies unambiguously provide for a Named Storm Deductible

3

No. 10-30184

calculated at 5% of the covered loss, not 5% of the dwelling coverage limit. As calculated by Appellants, the Named Storm Deductible should be less than $1,000. Their argument was premised on their contention that the Important Policyholder Notice could not be considered when interpreting the Named Storm Deductible. The district court found that Republic properly calculated the Named Storm Deductible and granted judgment in its favor. This appeal followed.

II.

We have reviewed the parties' written and oral arguments, the pertinent portions of the record, and the district court's stated reasons for judgment. Because there is no error, we affirm, essentially for the reasons stated by the district court.

The Important Policyholder Notice was physically attached to (as defined by Louisiana law)—and, therefore, physically made a part of—the renewal policies when it was mailed to Appellants. *See* LA. REV. STAT. ANN. § 22:867(C) (2009); *Lindsey v. Colonial Lloyd's Ins. Co.*, 595 So. 2d 606, 609-10 (La. 1992); *Ware v. Mumford*, 05-204, p. 3-4 (La. App. 5 Cir. 7/26/05); 910 So. 2d 467, 469. Republic was not required to resend the Important Policyholder Notice each time it renewed Appellants' policies. *See* LA. REV. STAT. ANN. § 22:1261(A) (2009); *Kanter v. La. Farm Bureau Mut. Ins. Co.*, 587 So. 2d 9, 11-12 (La. Ct. App. 1991). Appellants had in their possession the entire evidence of the insurance contract at issue in this matter, and Republic did not fail to comply with the "Entire Contract Policy Statute." *See Crocker v. Roach*, 33,507, p. 6-8 (La. App. 2 Cir. 8/23/2000); 766 So. 2d 672, 676; *Citgo Petroleum Corp. v. Yeargin, Inc.*, 95-1574, p. 12 (La. App. 3 Cir. 2/19/97); 690 So. 2d 154, 163; *Kanter*, 587 So. 2d at 11; *cf. Lindsey*, 595 So. 2d at 611. Nothing in the Important Policyholder Notice indicates that the notice should not be used to interpret the insurance policies.

4

No. 10-30184

Ergo, the district court properly considered the Important Policyholder Notice when it interpreted the pertinent policy provisions.

The Named Storm Deductible Endorsement states that Republic "will pay only that part of the total of the loss for all Section I Property Coverages that exceeds the Named Storm deductible shown on the Declarations page." The Declarations page dictates that a "Named Storm Deductible of 5% applies." The Important Policyholder Notice clearly and unambiguously demonstrates by way of example that the Named Storm Deductible is 5% of the dwelling coverage limit. No other reasonable interpretation of the policy exists. Because Republic assessed a Named Storm Deductible of 5% of the Appellants' dwelling coverage limit, the district court properly granted judgment in favor of Republic and properly denied Appellants' Motion for Class Certification as moot. We affirm. **AFFIRMED.**